ATLANTIC AND BIRMINGHAM RAILWAY COMPANY v. HATTAWAY.

ATKINSON, J. The negligence claimed was based upon the existence of a
"low place" in the track. Whether there was such a place was in
issue both in the pleadings and the evidence. It was therefore error for
the judge in his charge to assume that there was such a "low place."
  Judgment reversed. All the Justices concur, except Fish, C. J., absent.

Submitted March 2,—Decided August 17, 1906.

Action for damages.  Before Judge Henderson.  City court of
Vienna.  June 28, 1905.

The plaintiff brought action on account of personal injuries re-
ceived in a railroad wreck.  He alleged that when making a run
as conductor of a freight-train of the defendant, the caboose, in
which he was riding, struck a low joint in the rails, was thrown.
from the track, and wrecked, causing him to be permanently in-
jured by being thrown against the iron ladder in the car and rup-
tured.  By the answer the defendant admitted that the caboose had
been wrecked, but denied negligence in any way respecting the in-
jury; and contended further that the rupture of which the plain-
tiff complained was not caused by the wreck, but was received
sometime previously thereto.  On the trial the evidence was con-
flicting as to whether there was "a low place in the track."

A verdict was returned in favor of the plaintiff.  The defend-
ant moved for a new trial upon the following among other grounds:
"That the court erred in charging the jury as follows:  'They
[the defendant railway company] contend further that the low place
in the rails was further on toward Montezuma, and that the caboose
had not gotten so far as that when the accident occurred.'"  This.
charge was alleged to be erroneous "in that it was an expression by
the court that it had been proved that there was a low place in the
rails, and usurped the province of the jury as to what had been
proved in the case, there being no admission by the defendant in its
pleadings or arguments that there was a low place in the rails or
other defects in the track."  The motion was overruled, and the
defendant excepted.

  Rosser & Brandon, Walter T. Colquitt, J. L. Sweat, and Crum &
Jones, for plaintiff in error.

  Hill & Royal and Murrow & Pate, contra.